ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 28, 2011

The Honorable Vicki Truitt
Chair, Committee on Pensions, Investments
   and Financial Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0846

Re: Whether section 542.2035, Transportation Code, prohibits a municipal peace officer from using a handheld laser speed enforcement device to collect evidence before initiating a traffic stop (RQ-0914-GA)

Dear Representative Truitt:

You ask whether section 542.2035 of the Transportation Code "prohibits a peace officer employed by a municipality from using a handheld laser speed enforcement device equipped with a video camera and GPS technology to collect evidence before initiating a traffic stop."[1] You explain that "the Plano Police Department is considering purchasing" such a device "for use by its traffic enforcement officers," but you are concerned that the wording of section 542.2035 may prohibit the use of this new technology. Request Letter at 2.

Section 542.2035 of the Transportation Code prohibits a municipality from implementing or operating "an automated traffic control system with respect to a highway or street under its jurisdiction for the purpose of enforcing compliance with posted speed limits." TEX. TRANSP. CODE ANN. § 542.2035(a) (West Supp. 2010). For purposes of this section, "automated traffic control system" is defined as:

> a photographic device, radar device, laser device, or other electrical
> or mechanical device designed to:
>
> (1) record the speed of a motor vehicle; and
>
> (2) obtain one or more photographs or other recorded images of:
>
> (A) the vehicle;

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

(B)  the license plate attached to the vehicle; or

(C)  the operator of the vehicle.

*Id.* § 542.2035(b).  Your question therefore requires us to determine whether an automated traffic control system, as that phrase is defined by statute, includes a handheld laser speed enforcement device, like the one you describe, equipped with a video camera and GPS technology.[2]

In construing a statute, our object is to determine and give effect to the legislative intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008).  In determining that intent, we first look to the language of the statute. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999).  If a word is clearly and unambiguously defined by the Legislature, we are bound to use the definition so provided. *See Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995); TEX. GOV'T CODE ANN. § 311.011(b) (West 2005).  Although a common understanding of the term automated may suggest a lack of human direction or control, the statutory definition in subsection 542.2035(b) does not so limit the phrase "automated traffic control system."[3]  Instead, any handheld laser device will meet the Legislature's definition so long as it records the speed of a motor vehicle and obtains the requisite photograph or recorded image.  Based on the information you have provided, it appears that the device in question meets this definition and is therefore prohibited under section 542.2035.

---

[2]You further describe the technology at issue by explaining that they "incorporate video cameras and GPS systems into conventional handheld laser speed enforcement equipment. Such devices provide a complete chain of video and satellite evidence for officers to use in court. Unlike the automated speed enforcement systems, these devices are personally operated by an officer."  Request Letter at 2.

[3]*See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 83–84 (11th ed. 2003) (defining "automated" as "to operate by automation" and defining "automation" as "automatically controlled operation of an apparatus, process, or system by mechanical or electronic devices that take the place of human labor"); NEW OXFORD AMERICAN DICTIONARY 108–109 (2001) (defining "automate" as [to] "convert (a process or facility) to largely automatic operation" and defining "automatic" as "working by itself with little or no direct human control").

## S U M M A R Y

By enactment of Transportation Code section 542.2035, the Legislature has prohibited a municipality from using any radar device that records the speed of a motor vehicle and obtains one or more photographs or other recorded images of the vehicle, its license plate or its operator.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee